UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

CABLEVISION SYSTEMS CORPORATION  )
and CSC HOLDINGS, LLC,           )
                                 )
              Plaintiffs,        )
                                 )          No. 13 CIV 1278 (LTS) (JLC)
              -against-          )
                                 )
VIACOM INTERNATIONAL INC. and BLACK )
ENTERTAINMENT TELEVISION LLC,    )
                                 )
              Defendants.        )
                                 )
                                 )
———————————————————————          )

**SUR-REPLY MEMORANDUM OF LAW OF CABLEVISION SYSTEMS CORPORATION AND CSC HOLDINGS, LLC IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Jerome C. Katz
1211 Avenue of the Americas
New York, New York  10036
(212) 596-9000
Jerome.Katz@ropesgray.com

Mark S. Popofsky (*Admitted Pro Hac Vice*)
Mariel Goetz (*Admitted Pro Hac Vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street, N.W.
Washington, D.C.  20005
(202) 508-4600
Mark.Popofsky@ropesgray.com
Mariel.Goetz@ropesgray.com

*Attorneys for Plaintiffs*
*Cablevision Systems Corporation and CSC Holdings, LLC*

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Brantley v. NBC Universal, Inc.*,
   675 F.3d 1192 (9th Cir. 2012) ........................................................................3

*Gonzalez v. St. Margaret's House Hous. Dev. Fund Corp.*,
   880 F.2d 1514 (2d Cir. 1989)..........................................................................2

*IHS Dialysis Inc. v. Davita, Inc.*,
   No. 12 Civ. 2468, 2013 WL 1309737 (S.D.N.Y. Mar. 31, 2013) ...........................................1

*Jefferson Parish Hosp. Dist. No. 2 v. Hyde*,
   466 U.S. 2 (1984).......................................................................................1

*MCA TV Ltd. v. Public Interest Corp.*,
   171 F.3d 1265 (11th Cir. 1999) ......................................................................2

*Paramount Pictures Corp. v. Johnson Broad. Inc.*,
   432 F. Supp. 2d 707 (S.D. Tex. 2006) ..............................................................2

*United States v. Microsoft Corp.*,
   253 F.3d 34 (D.C. Cir. 2001) (en banc) (per curiam) ..............................................2

*Visa Check/MasterMoney Antitrust Litig.*,
   No. 96-CV-5238, 2003 WL 1712568 (E.D.N.Y. Apr. 1, 2003) .........................................2

OTHER AUTHORITIES

9 Phillip E. Areeda & Herbert Hovenkamp, Antitrust Law (3d ed. 2011) .....................................3

Plaintiffs Cablevision Systems Corporation and CSC Holdings, LLC ("Cablevision") file this sur-reply pursuant to leave granted by the Court on November 19, 2013 (D.N. 40).  In their Reply Memorandum (D.N. 37) ("RM"), Defendants Viacom International Inc. and Black Entertainment Television LLC ("Viacom") contend – for the first time – that "Cablevision's claim must be pleaded (and dismissed) under the rule of reason" rather than under tying's *per se* rule (RM 5).  Viacom's contention fails for two reasons.  First, Viacom waived the argument by failing to present it in its opening brief.  Second, Viacom is wrong.  Courts have long applied the *per se* rule to the conduct at issue, and no exception to *per se* analysis applies.

     **1.  <u>Viacom Waived its Rule of Reason Argument</u>**.  "It is well-established that a party cannot assert an argument for the first time in a reply brief."  *IHS Dialysis Inc. v. Davita, Inc.*, No. 12 Civ. 2468, 2013 WL 1309737, at \*4 n.4 (S.D.N.Y. Mar. 31, 2013).  Viacom did not argue, until its reply brief (RM 5-7), that only the rule of reason, and not the *per se* rule, should govern Viacom's conduct.  A cryptic footnote did not fairly present the issue.  *See* Viacom's Memorandum of Law in Support of Motion to Dismiss (D.N. 28), at 10 n.6.  The Court accordingly should not consider Viacom's waived argument.  Nonetheless, if the Court considers Viacom's argument, it is meritless for the reasons explained below.

     **2.  <u>No Exception Ousts the *Per Se* Rule</u>**.  Viacom contends that, if actual "anticompetitive effects" are not required for a *per se* tying claim, the Court should instead apply the rule of reason (RM 5).  The Supreme Court rejected this very argument in *Jefferson Parish Hospital District No. 2 v. Hyde*, 466 U.S. 2, 15-16 (1984).  Indeed, four concurring Justices refused to join Justice Stevens' majority opinion because, in their view, the rule of reason, including a requirement of actual anticompetitive effects the majority refused to adopt, should govern tying claims instead of the *per se* rule.  *See id.* at 35 (O'Connor, J., concurring).  The

Second Circuit has faithfully followed *Jefferson Parish* and refused to abandon the *per se* rule. *See, e.g.*, *Gonzalez v. St. Margaret's House Hous. Dev. Fund Corp.*, 880 F.2d 1514, 1519-20 (2d Cir. 1989).  To adopt Viacom's argument, then, would defy both higher courts.

Nor does any exception oust the *per se* rule.  Although some courts exempt certain novel ties from the *per se* rule, *see United States v. Microsoft Corp.*, 253 F.3d 34, 84-92 (D.C. Cir. 2001) (en banc) (certain software ties), Viacom's tying of programming rights, in sharp contrast, is not novel.  Indeed, it is a type of tie long subject to *per se* invalidation  *See, e.g.*, *MCA TV Ltd. v. Public Interest Corp.*, 171 F.3d 1265 (11th Cir. 1999) (citing *Loew's*); *Paramount Pictures Corp. v. Johnson Broad. Inc.*, 423 F. Supp. 2d 707 (S.D. Tex. 2006) (post *Illinois Tool Works*).

Judge Gleeson's decision in *Visa Check/MasterMoney Antitrust Litigation*, No. 96-CV-5238, 2003 WL 1712568, at *5-*6 (E.D.N.Y. Apr. 1, 2003), supports Cablevision's position here.  Judge Gleeson did not, as Viacom claims (RM 4), require actual anticompetitive effects as an element of a *per se* claim.  Rather, Judge Gleeson elected not to "invok[e] the per se rule" at summary judgment because of factual questions about the defendants' market power and "unique features" of the case.  *Id.* at *5.  The *per se* rule might govern after trial, the court ruled, if plaintiffs proved MasterCard's market power.  *Id.*  Neither circumstance – the absence of tying product market power or a novel setting – exists here; therefore, *Visa* does not support jettisoning the *per se* rule on a motion to dismiss in this case.  Indeed, *Visa* decisively undermines Viacom's argument: Judge Gleeson refused to apply the rule of reason simply because the conduct could be labeled line-forcing.  *See id.*  Viacom makes the same futile argument.[1]

3. **Viacom's Argument for Rule of Reason Treatment is Meritless**.  Viacom urges the

---

[1] Cablevision has further explained that Viacom's full-line forcing cases are also inapplicable because Viacom's tie-in, in effect, binds subscribers by forcing Cablevision to carry Suite Networks on widely bought tiers.  Cablevision's Memorandum of Law in Opposition to Motion to Dismiss, at 16 (D.N. 33) ("OM").  Viacom ignores this critical distinction (RM 7-8 n.18).

Court to apply the rule of reason because the plaintiffs in *Brantley v. NBC Universal, Inc.*, 675 F.3d 1192 (9th Cir. 2012), did not advance a *per se* claim (RM 5-7).  But the choice made by the *Brantley* plaintiffs does not bind Cablevision here.  Unlike those plaintiffs, who advanced a "zero foreclosure" theory, *id.* at 1201 n.9, Cablevision's Amended Complaint ("AC") explains how Viacom's tie causes sufficient foreclosure to trigger tying's *per se* rule (AC ¶¶ 157-165).  Cablevision avers that (i) the tie affects millions of dollars in tied product commerce, and (ii) the substantial commerce ***affected*** is also ***foreclosed***.  A *per se* claim requires no more to sufficiently allege foreclosure; and certainly not, as Viacom argues (RM5), the very anticompetitive effects the rule of reason may demand.  Viacom cannot validly argue for rule of reason only treatment by assuming away the key difference between a *per se* and rule of reason claim.[2]

Viacom also urges the Court to apply the rule of reason on the ground that a justification might support the challenged conduct (RM 6-7).  Cablevision, however, sufficiently pleads that Viacom's conduct lacks any justification (AC ¶¶ 173, 184).  Whether or not the *per se* rule permits a justification defense, Viacom's efficiency claim remains untested by discovery.  Viacom's unsubstantiated efficiency claim, then, provides no basis for holding that the *per se* rule is inapplicable as a matter of law in this early phase of the litigation.

Dated:  November 25, 2013

                              Respectfully submitted,

                              ROPES & GRAY LLP

---

[2] Viacom is thus wrong to assert that Cablevision conflates distinct foreclosure and dollar-volume *per se* elements (RM 5).  Cablevision correctly states that the *per se* rule "***presumes*** actual anticompetitive effects when a coercive tie forecloses – that is, denies rivals access to – a not insubstantial volume of tied market commerce" (OM 10).  Viacom's citation to the Areeda treatise (RM 4, n.7) is misleading.  The treatise explains that the *per se* rule does not require, as Viacom claims, rule of reason type anticompetitive effects.  *See* 9 Phillip E. Areeda & Herbert Hovenkamp, Antitrust Law, ¶ 1722a, at 301-02 (3d ed. 2011).  Rather, the *per se* rule requires only non-zero foreclosure of a not insubstantial volume of commerce.  *See id.* ¶ 1702, at 34.

By  _/s/ Mark S. Popofsky_____

Jerome C. Katz
1211 Avenue of the Americas
New York, New York  10036
(212) 596-9000
Jerome.Katz@ropesgray.com

Mark S. Popofsky (*Admitted Pro Hac Vice*)
Mariel Goetz (*Admitted Pro Hac Vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street, N.W.
Washington, D.C.  20005
(202) 508-4600
Mark.Popofsky@ropesgray.com
Mariel.Goetz@ropesgray.com

*Attorneys for Plaintiffs*
*Cablevision Systems Corporation and CSC*
*Holdings, LLC*