# EXHIBIT A

| | |
|---|---|
| **From:** | Seiler, Eric |
| **Sent:** | Monday, June 29, 2015 12:06 PM |
| **To:** | 'cindy.ohagan@timewarner.com' |
| **Subject:** | Cablevision v. Viacom |
| **Attachments:** | Dkt. 86 New Operative Protective Order.pdf; Amended Stipulation and [Proposed] Protective Order--blackline.pdf; Dkt. 87 2015.06.17 Endorsed Letter re MTC.pdf |

Cindy

Attached is an amended protective order that the Court recently so-ordered in the Cablevision v. Viacom litigation, along with a blackline showing changes from the original protective order. I've also attached a letter the Court endorsed setting forth a briefing schedule for the parties' motions to compel. As we've discussed, Viacom intends to file a motion to compel against Cablevision on July 1. Third parties who decide to move to intervene and oppose that motion would have until July 16 to do so.

We are happy to speak further after you have had a chance to review the motion, but our understanding is that the Time Warner entities (HBO and Turner) continue to object to Cablevision's production of documents that are the subject of the motion to compel.

Thanks,
Eric

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by replying to the sender of this message, and delete this message (and your reply) and any attachments. Thank you in advance for your cooperation and assistance.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Eric Seiler, Esq.
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036-6516
(212) 833 1103 (direct dial)
(212) 373 7903 (direct fax)
www.fklaw.com

Cutt, & mag.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/18/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CABLEVISION SYSTEMS CORPORATION )
and CSC HOLDINGS, LLC, )
                                )
            Plaintiffs,         )        No. 13 Civ. 1278 (LTS) (JLC)
                                )
        -against-               )        **AMENDED STIPULATION AND**
                                )        ~~[PROPOSED]~~ **PROTECTIVE**
VIACOM INTERNATIONAL INC. and BLACK )    **ORDER**
ENTERTAINMENT TELEVISION LLC,   )
                                )
            Defendants.         )
                                )
                                )

Good cause appearing, and in conformance with the parties' agreement:

IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure be, and is hereby, entered.

## A.     DEFINITIONS

1.      As used in this Order:

   a.      Action: The above-captioned action pending in this Court, including any
           pretrial, trial, post-trial, or appellate proceedings.

   b.      Disclose: Disclose shall mean show, divulge, reveal, produce, describe,
           transmit, or otherwise communicate, in whole or in part, a copy, or any
           summaries of the referenced materials or document.

   c.      Document: "Document" shall have the broadest meaning permissible
           under the Federal Rules of Civil Procedure and shall include, without
           limitation, all "documents and electronically stored information" as
           defined in Rule 34 of the Federal Rules of Civil Procedure, all "writings,"
           "recordings" and "photographs" as defined in Rule 1001 of the Federal
           Rules of Evidence, and any information stored in or through any computer
           system or other electronic or optical data storage device.

   d.      Discovery Material: All documents, depositions and deposition exhibits,
           interrogatory answers, responses to requests for admission, responses to
           demands and any other written, recorded or graphic matter produced by or
           obtained from any Party or non-Party in the above-captioned Action.

1

Case 1:13-cv-01278-LTS-JLC Document 98-1 Filed 07/01/15 Page 4 of 46
Case 1:13-cv-01278-LTS-JLC Document 86 Filed 06/18/15 Page 2 of 19
Case 1:13-cv-01278-LTS-JLC Document 84-1 Filed 06/15/15 Page 2 of 19

Discovery Materials shall also include all documents and information derived from other Discovery Materials, all copies, excerpts or summaries thereof, and all deposition transcripts.

e. Protected Material: Any Discovery Materials designated by a Party or non-Party pursuant to Paragraphs 5, 6, or 7, of this Protective Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

f. Party: The plaintiffs and defendants in the above-captioned litigation, including all of its officers, directors, successors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

g. Person: Any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

h. Producing Party: A Party or non-Party that produces Discovery Material in this Action.

i. Receiving Party: A Party (or, as applicable non-Party) that receives Disclosure or Discovery Material from a Producing Party.

j. Designating Party: A Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

k. Challenging Party: A Party that challenges the designation of information or items under this Protective Order.

l. Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action, including that Party's Counsel of Record.

m. In-House Counsel: Attorneys who are employees or contractors of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other Outside Counsel.

n. In-House Litigation Support: Litigation support attorneys and their staff who are employees or contractors of a Party to this Action.

o. Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

p. Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel

2

to serve as an expert witness or as an expert consultant in this Action.

q. Competitive Decision-Making: Advice about or participation in the business decisions or the analysis underlying the business decisions of a Party or any competitor of a Designating Party, including advice regarding compliance or noncompliance with most-favored-nation provisions. For the avoidance of doubt, Competitive Decision-Making does not include the provision of antitrust or litigation advice regarding business decisions or any other issues.

## B.    SCOPE

2.    This Protective Order shall be applicable to and govern all Discovery Materials. Discovery Materials shall be used solely in connection with the prosecution or defense of this Action and not for any other purpose whatsoever. In addition, any Party or non-Party (whether or not it furnished the materials or information) may designate Discovery Materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" pursuant to Paragraphs 5, 6, or 7. This Order shall not be construed to apply to any information or materials that: (a) are available to the public other than through a breach of this Order or other duty of confidentiality; (b) was already known to the Receiving Party at the time of disclosure and were not subject to conditions of confidentiality; or (c) were developed by that Receiving Party independently of any disclosure by a Designating Party or non-Party.

3.    This Protective Order does not govern the conduct of public, in-court proceedings before the assigned Magistrate Judge or the District assigned Judge. The Parties contemplate that the Magistrate Judge or the District Judge, as applicable, shall establish procedures for the disclosure of Protected Material in public, in-court proceedings, in view of the sensitive nature of certain material likely to be produced in this action. Pursuant to Paragraph 20, a Party or non-Party seeking to disclose Protected Material in any other proceeding shall seek leave to place such material under seal.

3

Case 1:13-cv-01278-LTS-JLC Document 84-1 Filed 06/15/15 Page 4 of 19

## C.   DESIGNATING PROTECTIVE MATERIAL

4.   Manner of Designation. Each Party or non-Party shall exercise good faith in designating Discovery Materials for confidential treatment under this Order and shall make reasonable efforts to limit any such designations to the specific materials that qualify under the appropriate standards. Consistent with Paragraphs 5, 6, or 7, Protected Material shall be clearly and prominently marked with a legend as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or comparable notices. The designation of Discovery Materials for purposes of this Protective Order shall be made in the following manner by the Party or non-Party seeking protection:

a.   In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing a plainly visible confidentiality designation legend to: (i) each page containing any confidential information or materials; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the Party or non-Party seeking protection becomes aware of the confidential nature of the information or materials disclosed and sought to be protected hereunder.

b.   All transcripts of depositions taken in this Action after entry of this Protective Order will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in their entirety for 30 days after the date a copy of the final transcript has been made available to the deponent for review. Within three days of receipt of the final transcript, the Party that noticed the deposition shall provide the final transcript to the deponent. At any time during the 30 days following receipt of the final transcript, the deponent may designate testimony as "CONFIDENTIAL," "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in compliance with Paragraphs 5, 6, or 7 of this Protective Order. Such designations (with reference to the page(s) and line(s) of the final transcript) must be provided in writing by the Person making such designations to counsel for the Parties.

c.   A Party or non-Party furnishing documents and things to Parties shall have

4

Case 1:13-cv-01278-LTS-JLC   Document 84-1   Filed 06/15/15   Page 5 of 19

the option to require that all or batches of documents and things be treated as confidential during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

5.      "CONFIDENTIAL" Discovery Materials.  Counsel for any Producing Party may designate as "CONFIDENTIAL" any Discovery Materials that the Designating Party in good faith believes contains information that is non-public and proprietary or sensitive from a commercial or financial point of view, or where the disclosure would violate the legitimate privacy interests of the Producing Party or a third party.   Any documents or information derived from Discovery Materials designated as "CONFIDENTIAL" shall also be considered "CONFIDENTIAL."  A Producing Party designating Discovery Material as "CONFIDENTIAL" may withdraw such designation at any time.

6.      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Materials.  Counsel for any Producing Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Discovery Materials that the Designating Party in good faith believes contain or reflect highly sensitive proprietary information used by it in, or pertaining to, its business, including but not limited to highly sensitive financial data, contracts and agreements, business, research, development, proprietary, trade secrets, or commercial information, confidential employment information, highly confidential information furnished to the Producing Party by any third party, and other sensitive information the disclosure of which would be reasonably likely to pose a risk of significant harm to the competitive or financial position of the Producing Party, including if Disclosed to In-House Counsel substantially involved in negotiating affiliation agreements or the rendering of legal advice with respect to such negotiations.  Any documents or information derived from Discovery Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be considered

5

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." A Producing Party designating Discovery Materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may withdraw such designation at any time.

7. "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Discovery Materials. Counsel for any Producing Party may designate as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" any Discovery Materials that contain or constitute competitively sensitive terms (including, but not limited to, pricing terms), contained in or negotiated as part of entering into an affiliation agreement between a programmer and a distributor. Any documents or information derived from Discovery Materials designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall also be considered "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." A Producing Party designating Discovery Materials as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" may withdraw such designation at any time.

8. Previously Produced Documents. Unless otherwise designated by the producing Party, any documents produced in this Action that were previously produced in a litigation, investigation or other proceeding shall be treated as "CONFIDENTIAL" if such documents were labeled in that litigation, investigation or other proceeding as "Confidential," "FOIA Confidential Treatment Requested," "Restricted," "Subject to Protective Order," or bear any other designation indicating that their confidentiality should be preserved.

9. Third Party Designations. Any information and material produced by non-Parties, pursuant to subpoena or otherwise, may be designated pursuant to the terms of this Order by any Party or non-Party. Where two or more Parties or non-Parties each designate different copies of the same information or material with differing confidentiality designations,

6

the higher (i.e., more protective) designation shall control the protection the information or material receives under this Protective Order. Parties are also free to designate, under any level of confidentiality provided for in this Protective Order, discovery information or material produced by other Parties or non-Parties that contain confidential information of the Designating Party.

10. Inadvertent Failure to Designate. If a Party inadvertently fails to designate information or Discovery Materials, when producing or otherwise disclosing such information or Discovery Materials, it shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information or materials disclosed, or as to any other information or materials relating thereto or on the same or related subject matter. As soon as the Producing Party informs the Receiving Party that the Producing Party is designating previously produced information or materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," the information must be treated as if it had been timely designated under this Protective Order, and the Receiving Party must endeavor in good faith to obtain all copies of the information or materials that it distributed or disclosed to persons not authorized to access such information or materials by Paragraphs 13, 14, or 15 below, as well as any copies made by such persons.

11. Parties and non-Parties may for particular Discovery Material seek a higher level of protection than the highest levels of confidentiality provided for in this Order for that Discovery Material by seeking leave of the Court for an order allowing the Party or non-Party to designate the material in the manner that the moving Party or non-Party claims is necessary.

D. **CHALLENGING DESIGNATIONS**

12. A Party shall not be obligated to challenge the propriety of the confidentiality

designation of any material under this Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any Party to this Action disagrees at any point in these proceedings with a particular confidentiality designation, such Party shall provide to the Designating Party a letter stating its objection to the designation and basis of that objection.  The Designating Party shall respond by letter within five (5) court days to such letter.  If the dispute between the Parties is not resolved, the Challenging Party shall, within five (5) court days of the Designating Party's letter response (or the lapse of the time period for such response) send to the Designating Party by email or next business day delivery its portion of a joint discovery dispute letter.  Within five (5) court days of receipt of such portion of the joint letter, the Designating Party shall send its portion of the joint letter to the Challenging Party by email or next business day delivery.  Within two (2) court days of receipt of both portions of the joint letter, the Challenging Party shall submit the joint letter to the Court and a hearing shall be scheduled at the Court's earliest convenience.  The burden of proving that information or material has been properly designated under this Order is on the Designating Party.

## E.    ACCESS TO PROTECTED MATERIAL

13.    Access to "CONFIDENTIAL" Discovery Materials.  Information or materials designated as "CONFIDENTIAL" under this Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a.    **Outside Counsel:** Outside Counsel of Record in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this litigation under the direction of such attorneys and to whom it is reasonably necessary that the materials be disclosed for purposes of this litigation.

8

b.   **The Parties:** The Parties (including Party affiliates) and their directors, officers, executives, In-House Counsel, employees and representatives, to the extent reasonably necessary to the prosecution or defense of this litigation or otherwise.

c.   **Subject to Paragraph 17 herein, the following persons:**

i.   Persons who are expressly retained or sought to be retained by a Party or Parties as outside consultants or testifying experts subject to Paragraph 17 herein, such as economists, statisticians, accountants, industry or technical experts, and the employees or support staff of such consultants or experts; provided that the disclosure of Protected Material to any persons under this subparagraph shall only be to the extent reasonably necessary to perform their work in connection with this litigation;

ii.  Any other persons who are designated to receive information or materials designated Protected Material by order of this Court after notice to the Parties, or by written stipulation of the Designating Party or Parties;

iii. Any person of whom testimony is taken, or is scheduled to be taken, in this Action and who Counsel for the examining or preparing Party reasonably believes in good faith to have authored or previously received or reviewed such material in the course of business. In addition, to the extent the information or material purports to describe the conduct or statements of the person, he or she may be shown the particular portion of the information or material purporting to describe his or her conduct or statements, but only that portion and not the remainder of the information or material. Witnesses may review deposition testimony of another witness designated as Protected Material (including testimony that is subject to the 30-day period provided for by Paragraph 4(b)), only with respect to matters that directly refer to the witness or describe statements made by or actions taken by such witness. No individual who is shown protected information or materials or testimony pursuant to this subsection shall be permitted to retain or keep copies of the Protected Material or testimony shown under any circumstances;

iv.  The Court and Court personnel;

v.   Court reporters, interpreters, and videographers employed in connection with this Action.

14.  Access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

9

Discovery Materials. Information or materials designated as "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" under this Order, or copies or extracts therefrom and

compilations thereof, may be disclosed, described, characterized, or otherwise communicated or

made available in whole or in part only to the following persons:

     a.     **Outside Counsel:** Outside Counsel of Record in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation.

     b.     **In-House Counsel:** Up to four (4) agreed upon In-House Counsel for the Parties herein (or non-Party) who are actively involved in the prosecution or defense of this litigation and who have no substantial involvement in the negotiation of affiliation agreements or the rendering of legal advice with respect to such negotiations.

         i.     The In-House Counsel to whom Disclosure shall be permitted under this Order shall be agreed to by the Parties before such Disclosure by the Parties. Disputes over the designation of applicable In-House Counsel shall be resolved pursuant to the Magistrate Judge's procedures for resolving discovery disputes.

     c.     **In-House Litigation Support:** In-house litigation support attorneys and staff and supporting personnel of such litigation support attorneys, who are working on this litigation and to whom it is reasonably necessary that the materials be disclosed for purposes of this litigation. In-house litigation support counsel have no involvement in the negotiation of affiliation agreements or rendering legal advice regarding such agreements.

     d.     **Other Persons:** The persons named Paragraph 13(c)(i)-(v).

15.    Access to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"

Discovery Materials. Information or materials designated as "HIGHLY CONFIDENTIAL –

OUTSIDE COUNSEL'S EYES ONLY" under this Order, or copies or extracts therefrom and

compilations thereof, may be disclosed, described, characterized, or otherwise communicated or

made available in whole or in part only to the following persons:

     a.     **Outside Counsel.** Outside Counsel of Record in this litigation who have

no substantial involvement in Competitive Decision-Making and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the information or materials be disclosed for purposes of this litigation. For the avoidance of doubt, any restriction on the involvement in Competitive Decision-Making applies only to the individual Outside Counsel of Record and not other counsel or their supporting personnel at the same law firm, provided, however, that such individual Outside Counsel of Record and their supporting personnel shall comply fully with the requirements of this Order regarding restrictions on the disclosure of Protected Material, including with respect to other counsel and supporting personnel at the same law firm. This restriction on involvement in Competitive Decision-Making shall continue for two years following the termination of this Action.

b.   **Other Persons:** The persons named Paragraph 13(c)(i)-(v).

16.   Acknowledgement and Non-Disclosure Agreements. Each person set forth in Paragraphs 13, 14 or 15 who is not (i) Outside Counsel for a Party or non-Party (or staff or supporting personnel of Outside Counsel for a Party or non-Party) or (ii) the Court or Court personnel to whom information or materials designated under this Order are to be disclosed, shall, prior to receiving such information or materials, be furnished with a copy of this Protective Order and a copy of the Non-Disclosure Agreement attached hereto as Exhibit A, which the person shall read and sign. Counsel for the Party seeking to disclose material designated under this Order to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Non-Disclosure Agreements. Copies of any such Non-Disclosure Agreements (except for those signed by non-testifying experts or outside consultants who need not be disclosed under Rule 26) shall be provided to Counsel for the Designating Parties or non-Parties upon request at any point after both plaintiffs' and defendants' experts have been disclosed in accordance with Rule 26. Counsel shall retain copies of Non-Disclosure Agreements signed by all experts and outside consultants they have

11

retained, including non-testifying experts or consultants, for a period of two years following the initial conclusion of this Action in the district court.

## F.    EXPERTS AND OUTSIDE CONSULTANTS

17.    For the purposes of this Order, an outside consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of Counsel for a Party.  The outside consultant shall be a person who does not currently have any responsibility for negotiating or advising any person with respect to the negotiation of affiliation agreements, has no present intention of having any responsibility for negotiating or advising any person with respect to the negotiation of affiliation agreements, and will not negotiate or advise any person with respect to the negotiation of affiliation agreements for a period of two years following the initial conclusion of this Action in the district court.  Before disclosing any of the material, documents or information covered by this Order to any such outside consultant or expert, Counsel shall inquire of each outside consultant or expert so retained or employed to insure that he or she meets the requirements and is willing to commit to the obligations set forth herein, and obtain confirmation of such from each outside consultant or expert in writing.  Counsel shall then advise Counsel for other Producing Parties that each outside consultant or expert has confirmed that he or she meets the requirements and has committed to the obligations set forth herein.

## G.    USE OF PROTECTED MATERIAL

18.    Materials and information governed by this Protective Order shall be used by any recipients solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and such information shall not be disclosed except as provided herein.

19.    All information and material designated under this Order shall be kept in a manner intended to preserve confidentiality.  Access shall be permitted only to those persons set

12

forth in Paragraphs 13, 14, or 15 above as persons properly having access thereto. The recipient of any information or materials designated under this Order shall use its reasonable best efforts, but at no time less than reasonable efforts under the circumstances, to maintain the confidentiality of such information or materials.

20.     Except for public, live, in-court proceedings before the Magistrate Judge or the District Court, if any information or material designated under this Order is used, described, characterized, excerpted, or referenced in, or attached to, any other proceeding in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the Parties shall take all reasonable steps to protect its confidentiality during such other proceedings; and (iii) the Party or non-Party seeking to use Protected Material in any such other proceeding where it otherwise would be publicly disclosed shall seek leave to file such material under seal. Envelopes used to seal such material shall carry the notation: "SUBJECT TO PROTECTIVE ORDER – FILED UNDER SEAL" and shall comply with all requirements of the Court for seeking leave to file and filing material under seal.

   a.     In the event a Party seeks leave to file material containing non-Party information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" under seal in accordance with Paragraph 20, the Party must within three days after seeking leave to file such material under seal provide written notice to any non-Party whose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information is included in the material to be filed under seal. The non-Party shall have fourteen days from the date on which it received notice to provide the Court with any supporting information for the request to file such material under seal.

21.     Nothing in this Order shall preclude any Party to the lawsuit or its Counsel: (a) from showing information or materials designated under this Order to an individual who either prepared or reviewed the document prior to the filing of this Action; or (b) from disclosing or

13

using, in any manner or for any purpose, any information or materials from the Party's own files which the Party itself has designated under this Protective Order.

22.     Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the Designating Party consents in writing to such disclosure, or if a court orders such disclosure.  A Party requested to disclose information or materials designated under this Protective Order to a non-Party pursuant to a subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall object to its production to the extent permitted by applicable law and notify the requesting non-Party of the existence of this Protective Order and that the information or materials requested by the non-Party has been designated under this Protective Order, and shall further give reasonable notice of such request, by email and next business day delivery, upon the Party which designated the information or materials as soon as is reasonably possible, but in all instances reasonably prior to the date on which such material designated under this Protective Order is requested to be produced to the non-Party.

## H.     MISCELLANEOUS

23.     Termination Procedures.  Within sixty (60) days after the final termination of litigation between the Parties, all information or materials designated under this Protective Order and all copies thereof (including summaries and excerpts) shall be either returned to the Producing Party or destroyed and a certification of destruction supplied to the Producing Party; provided, however, that for each Party, Counsel who is entitled access to such designated information or materials under Paragraphs 13, 14, or 15 may retain one complete and unredacted set of its work product that contains designated information or materials as well as pleadings and papers filed with the Court or served on the other Party solely for reference in the event of, and only in the event of, further proceedings or litigation between the Parties to this

14

Action, a dispute over such Counsel's performance, or a dispute over the use or dissemination of information or materials designated under this Protective Order. Such retained copy of pleadings and papers shall be maintained in a file accessible only by properly authorized Counsel and their staff under the provisions of, and bound by, this Protective Order. This Protective Order shall survive the final termination of this Action with respect to any such retained confidential information or materials.

24. Inadvertent Disclosure of Privileged Material. If Discovery Material subject to a claim of privilege or protection from Disclosure on the basis of the attorney-client privilege, work product doctrine, or on any other applicable ground, immunity or privilege is nevertheless inadvertently produced by a Producing Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the Discovery Material is privileged or otherwise protected from disclosure. If a claim of inadvertent production is made pursuant to this paragraph with respect to Discovery Material then in custody of another Party, such Party shall immediately return to the Producing Party that Discovery Material (including all copies) within its possession, custody or control as to which the claim of inadvertent production has been made or certify that all copies have been destroyed. In all events, such return or destruction must occur within three (3) business days of receipt of notice or discovery of the inadvertent production. In addition, the Receiving Party shall destroy all notes or work product reflecting the contents of such Discovery Material, and shall not use such Discovery Material, or the information contained therein, for any purpose in the Action or in any other action. Notwithstanding the provisions of the preceding sentence, no Receiving Party shall have any liability for failure to return or destroy material received in good faith and consistent with the terms of this Protective Order prior to the receipt of such notice. The return or

15

destruction of Discovery Material to the inadvertently Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the Discovery Material was never privileged. If the Receiving Party wishes to challenge the propriety of the claim of privilege or immunity, it may do so only after first fully complying with the requirements of this paragraph.

25. Reservation of Rights. Nothing contained in this Protective Order shall affect the right of any Party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall affect any right of any Party to redact information or materials for privilege or relevancy. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party. Entering into, agreeing to, and/or producing or receiving information or material designated under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

a. Operate as an admission by any Party that any particular information or material designated under this Protective Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

b. Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information or materials designated under this Protective Order;

c. Prejudice in any way the rights of any Party to object to the production of information or materials they consider not subject to discovery;

d. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

e. Prejudice in any way the rights of any Party to seek a determination by the

16

Court whether any information or material should be subject to the terms of this Protective Order;

f. Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information or materials; or

g. Prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the Party or non-Party designating such information or materials.

26. All Counsel for the Parties who have access to information or material designated under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order.

STIPULATED TO AND AGREED

June 15, 2015

ROPES & GRAY LLP
*Attorneys for Plaintiffs Cablevision Systems*
*Corporation and CSC Holdings, LLC*

BY: _Mark S. Popofsky_ *(mLm)*
    Jerome C. Katz
    1211 Avenue of the Americas
    New York, New York 10036
    Telephone: (212) 596-9000
    Facsimile: (212) 596-9090

    Mark S. Popofsky (*Pro Hac Vice*)
    Mariel Goetz (*Pro Hac Vice*
    One Metro Center
    700 12th Street, N.W.
    Washington, D.C. 20005

    Matthew McGinnis (*Pro Hac Vice*)
    Prudential Tower
    800 Boylston Street
    Boston, MA 02199

CRAVATH, SWAINE & MOORE LLP
*Attorneys for Defendants Viacom*
*International Inc. and Black Entertainment*
*Television LLC*

BY: _Kevin J. Orsini_ *(mLm)*
    Kevin J. Orsini
    Evan R. Chesler
    Peter T. Barbur
    Rory A. Leraris
    Worldwide Plaza
    825 Eighth Avenue
    New York, New York 10019
    Telephone: (212) 474-1000

**IT IS SO ORDERED:**

DATED: _JUNE 18, 2015_

_James L. Cott_
Hon. James L. Cott

## EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I have read and am fully familiar with the terms of the Stipulation and Protective Order regarding confidentiality of discovery documents and information entered in *Cablevision Systems Corporation, et al. v. Viacom International Inc., et. al.*, Case No. 13 Civ. 1278 (LTS) (JLC) in the United States District Court for the Southern District of New York.  I hereby agree to comply with and be bound by the terms and conditions of that Protective Order unless and until modified by further Order of that Court.  I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of _____, 201_.

Signed: _____

Address: _____

Case 1:13-cv-01278-LTS-JLC   Document 84-2   Filed 06/25/15   Page 13 of 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| CABLEVISION SYSTEMS CORPORATION and CSC HOLDINGS, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | No. 13 Civ. 1278 (LTS) (JLC) |
| -against- | ) ) ) | **AMENDED** STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| VIACOM INTERNATIONAL INC. and BLACK ENTERTAINMENT TELEVISION LLC, | ) ) ) | |
| Defendants. | ) ) ) | |

Good cause appearing, and in conformance with the parties' agreement:

IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure be, and is hereby, entered.

## A.   DEFINITIONS

1.    As used in this Order:

  a.   Action:  The above-captioned action pending in this Court, including any pretrial, trial, post-trial, or appellate proceedings.

  b.   Disclose:  Disclose shall mean show, divulge, reveal, produce, describe, transmit, or otherwise communicate, in whole or in part, a copy, or any summaries of the referenced materials or document.

  c.   Document:  "Document" shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "documents and electronically stored information" as defined in Rule 34 of the Federal Rules of Civil Procedure, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

  d.   Discovery Material:  All documents, depositions and deposition exhibits, interrogatory answers, responses to requests for admission, responses to demands and any other written, recorded or graphic matter produced by or obtained from any Party or non-Party in the above-captioned Action.

1

Discovery Materials shall also include all documents and information derived from other Discovery Materials, all copies, excerpts or summaries thereof, and all deposition transcripts.

e. <u>Protected Material</u>: Any Discovery Materials designated by a Party or non-Party pursuant to Paragraphs 5, 6, or 7, of this Protective Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

f. <u>Party</u>: The plaintiffs and defendants in the above-captioned litigation, including all of its officers, directors, successors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

g. <u>Person</u>: Any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

h. <u>Producing Party</u>: A Party or non-Party that produces Discovery Material in this Action.

i. <u>Receiving Party</u>: A Party (or, as applicable non-Party) that receives Disclosure or Discovery Material from a Producing Party.

j. <u>Designating Party</u>: A Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

k. <u>Challenging Party</u>: A Party that challenges the designation of information or items under this Protective Order.

l. <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action, including that Party's Counsel of Record.

m. <u>In-House Counsel</u>: Attorneys who are employees or contractors of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other Outside Counsel.

n. <u>In-House Litigation Support</u>: Litigation support attorneys and their staff who are employees or contractors of a Party to this Action.

o. <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

p. <u>Expert</u>: A person with specialized knowledge or experience in a matter

2

pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as an expert consultant in this Action.

q. Competitive Decision-Making: Advice about or participation in the business decisions or the analysis underlying the business decisions of a Party or any competitor of a Designating Party, including advice regarding compliance or noncompliance with most-favored-nation provisions. For the avoidance of doubt, Competitive Decision-Making does not include the provision of antitrust or litigation advice regarding business decisions or any other issues.

**B.     SCOPE**

2.     This Protective Order shall be applicable to and govern all Discovery Materials. Discovery Materials shall be used solely in connection with the prosecution or defense of this Action and not for any other purpose whatsoever. In addition, any Party or non-Party (whether or not it furnished the materials or information) may designate Discovery Materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" pursuant to Paragraphs 5, 6, or 7. This Order shall not be construed to apply to any information or materials that: (a) are available to the public other than through a breach of this Order or other duty of confidentiality; (b) was already known to the Receiving Party at the time of disclosure and were not subject to conditions of confidentiality; or (c) were developed by that Receiving Party independently of any disclosure by a Designating Party or non-Party.

3.     This Protective Order does not govern the conduct of public, in-court proceedings before a Magistrate Judge or the District Court. The Parties contemplate that the Magistrate Judge or the District Court, as applicable, shall establish procedures for the disclosure of Protected Material in public, in-court proceedings, in view of the sensitive nature of certain material likely to be produced in this action. Pursuant to Paragraph 20, a Party or

3

non-Party seeking to disclose Protected Material in any other proceeding shall seek leave to place such material under seal.

## C. DESIGNATING PROTECTIVE MATERIAL

4. <u>Manner of Designation</u>. Each Party or non-Party shall exercise good faith in designating Discovery Materials for confidential treatment under this Order and shall make reasonable efforts to limit any such designations to the specific materials that qualify under the appropriate standards. Consistent with Paragraphs 5, 6, or 7, Protected Material shall be clearly and prominently marked with a legend as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or comparable notices. The designation of Discovery Materials for purposes of this Protective Order shall be made in the following manner by the Party or non-Party seeking protection:

    a. In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing a plainly visible confidentiality designation legend to: (i) each page containing any confidential information or materials; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the Party or non-Party seeking protection becomes aware of the confidential nature of the information or materials disclosed and sought to be protected hereunder.

    b. All transcripts of depositions taken in this Action after entry of this Protective Order will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in their entirety for 30 days after the date a copy of the final transcript has been made available to the deponent for review. Within three days of receipt of the final transcript, the Party that noticed the deposition shall provide the final transcript to the deponent. At any time during the 30 days following receipt of the final transcript, the deponent may designate testimony as "CONFIDENTIAL," "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in compliance with Paragraphs 5, 6, or 7 of this Protective Order. Such

4

designations (with reference to the page(s) and line(s) of the final transcript) must be provided in writing by the Person making such designations to counsel for the Parties.

c. A Party or non-Party furnishing documents and things to Parties shall have the option to require that all or batches of documents and things be treated as confidential during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

5. "CONFIDENTIAL" Discovery Materials. Counsel for any Producing Party may designate as "CONFIDENTIAL" any Discovery Materials that the Designating Party in good faith believes contains information that is non-public and proprietary or sensitive from a commercial or financial point of view, or where the disclosure would violate the legitimate privacy interests of the Producing Party or a third party. Any documents or information derived from Discovery Materials designated as "CONFIDENTIAL" shall also be considered "CONFIDENTIAL." A Producing Party designating Discovery Material as "CONFIDENTIAL" may withdraw such designation at any time.

6. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Materials. Counsel for any Producing Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Discovery Materials that the Designating Party in good faith believes contain or reflect highly sensitive proprietary information used by it in, or pertaining to, its business, including but not limited to highly sensitive financial data, contracts and agreements, business, research, development, proprietary, trade secrets, or commercial information, confidential employment information, highly confidential information furnished to the Producing Party by any third party, and other sensitive information the disclosure of which would be reasonably likely to pose a risk of significant harm to the competitive or financial position of the Producing Party, including if Disclosed to In-House Counsel substantially

5

involved in negotiating affiliation agreements or the rendering of legal advice with respect to such negotiations. Any documents or information derived from Discovery Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be considered "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." A Producing Party designating Discovery Materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may withdraw such designation at any time.

7. "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Discovery Materials. Counsel for any Producing Party may designate as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" any Discovery Materials that contain or constitute competitively sensitive terms (including, but not limited to, pricing terms), contained in or negotiated as part of entering into an affiliation agreement between a programmer and a distributor. Any documents or information derived from Discovery Materials designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall also be considered "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." A Producing Party designating Discovery Materials as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" may withdraw such designation at any time.

8. Previously Produced Documents. Unless otherwise designated by the producing Party, any documents produced in this Action that were previously produced in a litigation, investigation or other proceeding shall be treated as "CONFIDENTIAL" if such documents were labeled in that litigation, investigation or other proceeding as "Confidential," "FOIA Confidential Treatment Requested," "Restricted," "Subject to Protective Order," or bear any other designation indicating that their confidentiality should be preserved.

6

9. Third Party Designations. Any information and material produced by non-Parties, pursuant to subpoena or otherwise, may be designated pursuant to the terms of this Order by any Party or non-Party. Where two or more Parties or non-Parties each designate different copies of the same information or material with differing confidentiality designations, the higher (i.e., more protective) designation shall control the protection the information or material receives under this Protective Order. Parties are also free to designate, under any level of confidentiality provided for in this Protective Order, discovery information or material produced by other Parties or non-Parties that contain confidential information of the Designating Party.

10. Inadvertent Failure to Designate. If a Party inadvertently fails to designate information or Discovery Materials, when producing or otherwise disclosing such information or Discovery Materials, it shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information or materials disclosed, or as to any other information or materials relating thereto or on the same or related subject matter. As soon as the Producing Party informs the Receiving Party that the Producing Party is designating previously produced information or materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," the information must be treated as if it had been timely designated under this Protective Order, and the Receiving Party must endeavor in good faith to obtain all copies of the information or materials that it distributed or disclosed to persons not authorized to access such information or materials by Paragraphs 13, 14, or 15 below, as well as any copies made by such persons.

11. Parties and non-Parties may for particular Discovery Material seek a higher

7

level of protection than the highest levels of confidentiality provided for in this Order for that Discovery Material by seeking leave of the Court for an order allowing the Party or non-Party to designate the material in the manner that the moving Party or non-Party claims is necessary.

## D. CHALLENGING DESIGNATIONS

12. A Party shall not be obligated to challenge the propriety of the confidentiality designation of any material under this Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this Action disagrees at any point in these proceedings with a particular confidentiality designation, such Party shall provide to the Designating Party a letter stating its objection to the designation and basis of that objection. The Designating Party shall respond by letter within five (5) court days to such letter. If the dispute between the Parties is not resolved, the Challenging Party shall, within five (5) court days of the Designating Party's letter response (or the lapse of the time period for such response) send to the Designating Party by email or next business day delivery its portion of a joint discovery dispute letter. Within five (5) court days of receipt of such portion of the joint letter, the Designating Party shall send its portion of the joint letter to the Challenging Party by email or next business day delivery. Within two (2) court days of receipt of both portions of the joint letter, the Challenging Party shall submit the joint letter to the Court and a hearing shall be scheduled at the Court's earliest convenience. The burden of proving that information or material has been properly designated under this Order is on the Designating Party.

## E. ACCESS TO PROTECTED MATERIAL

13. <u>Access to "CONFIDENTIAL" Discovery Materials</u>. Information or materials

8

designated as "CONFIDENTIAL" under this Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a. **Outside Counsel:** Outside Counsel of Record in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this litigation under the direction of such attorneys and to whom it is reasonably necessary that the materials be disclosed for purposes of this litigation.

b. **The Parties:** The Parties (including Party affiliates) and their directors, officers, executives, In-House Counsel, employees and representatives, to the extent reasonably necessary to the prosecution or defense of this litigation or otherwise.

c. **Subject to Paragraph 17 herein, the following persons:**

i. Persons who are expressly retained or sought to be retained by a Party or Parties as outside consultants or testifying experts subject to Paragraph 17 herein, such as economists, statisticians, accountants, industry or technical experts, and the employees or support staff of such consultants or experts; provided that the disclosure of Protected Material to any persons under this subparagraph shall only be to the extent reasonably necessary to perform their work in connection with this litigation;

ii. Any other persons who are designated to receive information or materials designated Protected Material by order of this Court after notice to the Parties, or by written stipulation of the Designating Party or Parties;

iii. Any person of whom testimony is taken, or is scheduled to be taken, in this Action and who Counsel for the examining or preparing Party reasonably believes in good faith to have authored or previously received or reviewed such material in the course of business. In addition, to the extent the information or material purports to describe the conduct or statements of the person, he or she may be shown the particular portion of the information or material purporting to describe his or her conduct or statements, but only that portion and not the remainder of the information or material. Witnesses may review deposition testimony of another witness designated as Protected Material (including testimony that is subject to the 30-day period provided for by Paragraph 4(b)),

9

only with respect to matters that directly refer to the witness or describe statements made by or actions taken by such witness. No individual who is shown protected information or materials or testimony pursuant to this subsection shall be permitted to retain or keep copies of the Protected Material or testimony shown under any circumstances;

iv. The Court and Court personnel;

v. Court reporters, interpreters, and videographers employed in connection with this Action.

14. Access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Materials. Information or materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a. **Outside Counsel:** Outside Counsel of Record in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation.

b. **In-House Counsel:** Up to four (4) agreed upon In-House Counsel for the Parties herein (or non-Party) who are actively involved in the prosecution or defense of this litigation and who have no substantial involvement in the negotiation of affiliation agreements or the rendering of legal advice with respect to such negotiations.

i. The In-House Counsel to whom Disclosure shall be permitted under this Order shall be agreed to by the Parties before such Disclosure by the Parties. Disputes over the designation of applicable In-House Counsel shall be resolved pursuant to the Magistrate Judge's procedures for resolving discovery disputes.

c. **In-House Litigation Support:** In-house litigation support attorneys and staff and supporting personnel of such litigation support attorneys, who are working on this litigation and to whom it is reasonably necessary that the materials be disclosed for purposes of this litigation. In-house litigation support counsel have no involvement in the negotiation of affiliation agreements or rendering legal advice regarding such

10

agreements.

    d.    **Other Persons:**  The persons named Paragraph 13(c)(i)-(v).

15.    <u>Access to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Discovery Materials</u>.  Information or materials designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" under this Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    a.    **Outside Counsel.**  Outside Counsel of Record in this litigation who have no substantial involvement in Competitive Decision-Making and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the information or materials be disclosed for purposes of this litigation. For the avoidance of doubt, any restriction on the involvement in Competitive Decision-Making applies only to the individual Outside Counsel of Record and not other counsel or their supporting personnel at the same law firm, provided, however, that such individual Outside Counsel of Record and their supporting personnel shall comply fully with the requirements of this Order regarding restrictions on the disclosure of Protected Material, including with respect to other counsel and supporting personnel at the same law firm. This restriction on involvement in Competitive Decision-Making shall continue for two years following the termination of this Action.

    b.    **Other Persons:**  The persons named Paragraph 13(c)(i)-(v).

16.    <u>Acknowledgement and Non-Disclosure Agreements</u>.  Each person set forth in Paragraphs 13, 14 or 15 who is not (i) Outside Counsel for a Party or non-Party (or staff or supporting personnel of Outside Counsel for a Party or non-Party) or (ii) the Court or Court personnel to whom information or materials designated under this Order are to be disclosed, shall, prior to receiving such information or materials, be furnished with a copy of this Protective Order and a copy of the Non-Disclosure Agreement attached hereto as Exhibit A,

11

which the person shall read and sign. Counsel for the Party seeking to disclose material designated under this Order to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Non-Disclosure Agreements. Copies of any such Non-Disclosure Agreements (except for those signed by non-testifying experts or outside consultants who need not be disclosed under Rule 26) shall be provided to Counsel for the Designating Parties or non-Parties upon request at any point after both plaintiffs' and defendants' experts have been disclosed in accordance with Rule 26. Counsel shall retain copies of Non-Disclosure Agreements signed by all experts and outside consultants they have retained, including non-testifying experts or consultants, for a period of two years following the initial conclusion of this Action in the district court.

**F.    EXPERTS AND OUTSIDE CONSULTANTS**

17.    For the purposes of this Order, an outside consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of Counsel for a Party. The outside consultant shall be a person who does not currently have any responsibility for negotiating or advising any person with respect to the negotiation of affiliation agreements, has no present intention of having any responsibility for negotiating or advising any person with respect to the negotiation of affiliation agreements, and will not negotiate or advise any person with respect to the negotiation of affiliation agreements for a period of two years following the initial conclusion of this Action in the district court. Before disclosing any of the material, documents or information covered by this Order to any such outside consultant or expert, Counsel shall inquire of each outside consultant or expert so retained or employed to insure that he or she meets the requirements and is willing to commit to the obligations set

12

forth herein, and obtain confirmation of such from each outside consultant or expert in writing.  Counsel shall then advise Counsel for other Producing Parties that each outside consultant or expert has confirmed that he or she meets the requirements and has committed to the obligations set forth herein.

## G.    USE OF PROTECTED MATERIAL

18.    Materials and information governed by this Protective Order shall be used by any recipients solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and such information shall not be disclosed except as provided herein.

19.    All information and material designated under this Order shall be kept in a manner intended to preserve confidentiality.  Access shall be permitted only to those persons set forth in Paragraphs 13, 14, or 15 above as persons properly having access thereto.  The recipient of any information or materials designated under this Order shall use its reasonable best efforts, but at no time less than reasonable efforts under the circumstances, to maintain the confidentiality of such information or materials.

20.    Except for public, live, in-court proceedings before the Magistrate Judge or the District Court, if any information or material designated under this Order is used, described, characterized, excerpted, or referenced in, or attached to, any other proceeding in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the Parties shall take all reasonable steps to protect its confidentiality during such other proceedings; and (iii) the Party or non-Party seeking to use Protected Material in any such other proceeding where it otherwise would be publicly disclosed shall seek leave to file such material under seal.  Envelopes used to seal such material shall carry the notation: "SUBJECT TO PROTECTIVE ORDER – FILED UNDER SEAL" and shall comply with all requirements of

13

the Court for seeking leave to file and filing material under seal.

> a. In the event a Party seeks leave to file material containing non-Party information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" under seal in accordance with Paragraph 20, the Party must within three days after seeking leave to file such material under seal provide written notice to any non-Party whose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information is included in the material to be filed under seal. The non-Party shall have fourteen days from the date on which it received notice to provide the Court with any supporting information for the request to file such material under seal.

21. Nothing in this Order shall preclude any Party to the lawsuit or its Counsel: (a) from showing information or materials designated under this Order to an individual who either prepared or reviewed the document prior to the filing of this Action; or (b) from disclosing or using, in any manner or for any purpose, any information or materials from the Party's own files which the Party itself has designated under this Protective Order.

22. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the Designating Party consents in writing to such disclosure, or if a court orders such disclosure. A Party requested to disclose information or materials designated under this Protective Order to a non-Party pursuant to a subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall object to its production to the extent permitted by applicable law and notify the requesting non-Party of the existence of this Protective Order and that the information or materials requested by the non-Party has been designated under this Protective Order, and shall further give reasonable notice of such request, by email and next business day delivery, upon the Party which designated the

14

information or materials as soon as is reasonably possible, but in all instances reasonably prior to the date on which such material designated under this Protective Order is requested to be produced to the non-Party.

## H.   MISCELLANEOUS

23.   <u>Termination Procedures</u>.  Within sixty (60) days after the final termination of litigation between the Parties, all information or materials designated under this Protective Order and all copies thereof (including summaries and excerpts) shall be either returned to the Producing Party or destroyed and a certification of destruction supplied to the Producing Party; provided, however, that for each Party, Counsel who is entitled access to such designated information or materials under Paragraphs 13, 14, or 15 may retain one complete and unredacted set of its work product that contains designated information or materials as well as pleadings and papers filed with the Court or served on the other Party solely for reference in the event of, and only in the event of, further proceedings or litigation between the Parties to this Action, a dispute over such Counsel's performance, or a dispute over the use or dissemination of information or materials designated under this Protective Order.  Such retained copy of pleadings and papers shall be maintained in a file accessible only by properly authorized Counsel and their staff under the provisions of, and bound by, this Protective Order.  This Protective Order shall survive the final termination of this Action with respect to any such retained confidential information or materials.

24.   <u>Inadvertent Disclosure of Privileged Material</u>.  If Discovery Material subject to a claim of privilege or protection from Disclosure on the basis of the attorney-client privilege, work product doctrine, or on any other applicable ground, immunity or privilege is nevertheless inadvertently produced by a Producing Party, such production shall in no way

15

prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the Discovery Material is privileged or otherwise protected from disclosure. If a claim of inadvertent production is made pursuant to this paragraph with respect to Discovery Material then in custody of another Party, such Party shall immediately return to the Producing Party that Discovery Material (including all copies) within its possession, custody or control as to which the claim of inadvertent production has been made or certify that all copies have been destroyed. In all events, such return or destruction must occur within three (3) business days of receipt of notice or discovery of the inadvertent production. In addition, the Receiving Party shall destroy all notes or work product reflecting the contents of such Discovery Material, and shall not use such Discovery Material, or the information contained therein, for any purpose in the Action or in any other action. Notwithstanding the provisions of the preceding sentence, no Receiving Party shall have any liability for failure to return or destroy material received in good faith and consistent with the terms of this Protective Order prior to the receipt of such notice. The return or destruction of Discovery Material to the inadvertently Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the Discovery Material was never privileged. If the Receiving Party wishes to challenge the propriety of the claim of privilege or immunity, it may do so only after first fully complying with the requirements of this paragraph.

25.     Reservation of Rights. Nothing contained in this Protective Order shall affect the right of any Party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall

16

affect any right of any Party to redact information or materials for privilege or relevancy.

Nothing in this Protective Order shall constitute an admission or waiver of any claim or

defense by any Party. Entering into, agreeing to, and/or producing or receiving information or

material designated under this Protective Order, or otherwise complying with the terms of this

Protective Order shall not:

a. Operate as an admission by any Party that any particular information or material designated under this Protective Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

b. Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information or materials designated under this Protective Order;

c. Prejudice in any way the rights of any Party to object to the production of information or materials they consider not subject to discovery;

d. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

e. Prejudice in any way the rights of any Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

f. Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information or materials; or

g. Prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the Party or non-Party designating such information or materials.

26. All Counsel for the Parties who have access to information or material

designated under this Protective Order acknowledge they are bound by this Protective Order

17

and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order.

STIPULATED TO AND AGREED

~~September 19~~June 15, ~~2014~~2015

ROPES & GRAY LLP
*Attorneys for Plaintiffs Cablevision Systems Corporation and CSC Holdings, LLC*

BY: [s] Mark S. Popofsky_____
    Jerome C. Katz
    1211 Avenue of the Americas
    New York, New York 10036
    Telephone: (212) 596-9000
    Facsimile:  (212) 596-9090

    Mark S. Popofsky (~~Admitted~~ *Pro Hac Vice*)
    Mariel Goetz (~~Admitted~~ *Pro Hac Vice*)
    One Metro Center
    700 12th Street, N.W.
    Washington, D.C.  20005

    ~~Matthew McGinnis (*Admitted Pro Hac Vice*)~~

    ~~Telephone:   (202) 508-4600~~

    ~~Facsimile:    (202) 508-4650~~
    Prudential Tower
    800 Boylston Street
    Boston, MA 02199

~~SIMPSON THACHER & BARTLETT~~CRAVATH, SWAINE & MOORE  LLP
*Attorneys for Defendants Viacom International Inc. and Black Entertainment Television LLC*
    Matthew McGinnis (*Pro Hac Vice*)
BY: [s] ~~Joseph F. Tringali~~Kevin J. Orsini_____ _____
    ~~Joseph F. Tringali~~
    Kevin J. Orsini
    Evan R. Chesler
    Peter T. Barbur
    Rory A. Leraris
    ~~David Elbaum~~Worldwide Plaza
    ~~Peri L. Zelig~~
    ~~425 Lexington~~825 Eighth Avenue
    New York, New York  ~~10017~~10019
    Telephone: (212) ~~455~~474-~~2000~~1000
    ~~Facsimile:  (212) 455-2502~~

    ~~Kenneth R. Logan, Of Counsel~~
    ~~One Metro Center~~
    ~~700 12th Street, N.W.~~
    ~~Washington, D.C.  20005~~

I have received the consent of ~~Joseph F. Tringali~~Kevin J. Orsini to file this document with his electronic signature.

[s] Mark S. Popofsky

**IT IS SO ORDERED:**

DATED: _____

DATED: _____ _____

Hon. James L. Cott

## EXHIBIT A

### NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I have read and am fully familiar with the terms of the Stipulation and Protective Order regarding confidentiality of discovery documents and information entered in *Cablevision Systems Corporation, et al. v. Viacom International Inc., et. al.*, Case No. 13 Civ. 1278 (LTS) (JLC) in the United States District Court for the Southern District of New York. I hereby agree to comply with and be bound by the terms and conditions of that Protective Order unless and until modified by further Order of that Court. I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of _____, 201_.

Signed: _____

Address: _____

**ROPES & GRAY**

ROPES & GRAY LLP
ONE METRO CENTER
700 12TH STREET, NW, SUITE 900
WASHINGTON, DC 20005-3948
WWW.ROPESGRAY.COM

June 15, 2015

Mark S. Popofsky
T +1 202 508 4624
F +1 202 383 9377
mark.popofsky@ropesgray.com



**BY ECF**

Magistrate Judge James L. Cott
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
Room 1360
New York, New York 10007

Re:    *Cablevision Systems Corp. et al. v. Viacom Int'l Inc. et al., 13-cv-1278 (LTS)(JLC)*

Dear Judge Cott:

We represent Plaintiffs Cablevision Systems Corporation and CSC Holdings, LLC ("Cablevision") in the above-referenced action. We write jointly on behalf of Cablevision and Defendants Viacom International Inc. and Black Entertainment Television, Inc. ("Viacom") regarding discovery disputes that require resolution by the Court. *First*, the parties request a conference with the Court or issuance of a briefing schedule for anticipated cross-motions to compel production of certain documents subject to non-disclosure provisions in agreements between the parties and certain third parties. *Second*, in order to address concerns of certain third parties regarding the treatment of certain commercially sensitive agreements, the parties propose certain modifications to the Stipulated Protective Order (Dkt. No. 61) that are reflected in the enclosed proposed order. *Third*, the parties submit for the Court's consideration and approval the enclosed stipulation and proposed order regarding the discovery of expert materials and communications. *Lastly*, the parties intend to jointly propose an extension of the deadline for the substantial completion of document production, currently set by the Court's scheduling order (Dkt. No. 57) for July 31, 2015, so that the present discovery disputes may be resolved.

1.    **Anticipated Cross-Motions to Compel Production of Documents Protected from Disclosure by Third Party Agreements**

Cablevision and Viacom have each requested production of documents and information that are protected from disclosure by agreements with third parties. In particular, the parties are seeking production of certain agreements between programmers and other video distributors that contain highly sensitive pricing and other terms, correspondence related to the negotiation of those

- 2 -

agreements, internal documents containing or referencing information from those agreements, and certain confidential information exchanged with third parties pursuant to those agreements.

Cablevision and Viacom engaged in multiple conferences throughout January and February 2015 to resolve their mutual objections on the scope of discovery. After reaching an agreement in March 2015, each party began notifying third parties that certain agreements and related information subject to non-disclosure provisions were subject to the other party's document requests. Neither party contests the discoverability of these documents, and both agree that the requested agreements and any document containing a "competitively sensitive" term should be designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" pursuant to the terms of the Stipulated Protective Order (Dkt. No. 61).

Several third parties have, however, objected to Cablevision's and Viacom's production of documents. Some have also asserted that absent a Court order, disclosure of the requested documents is prohibited. On May 11, 2015, Cablevision identified to Viacom the third parties that had objected to its production of certain affiliation agreements and related documents. These include ABC Cable Networks Group and ESPN Enterprises, Inc.; A&E Television Networks, LLC; Asia TV USA Ltd.; CBS Broadcasting Corporation; Discovery Communications, LLC; Fox Cable Network Services, LLC; Home Box Office, Inc.; Madison Square Garden, Inc.; MLB Network, Inc.; NBA Properties, Inc.; NBC Universal TV Networks; SportsNet New York, Inc.; Scripps Network, Inc.; Radio One, Inc.; Turner Network Sales, Inc.; and Yankees Entertainment and Sports Network, LLC. Viacom, in turn, has informed Cablevision that Netflix, Inc., Hulu, Google, and Apple have objected to Viacom's production of certain confidential information.

Counsel for Viacom and Cablevision have sought to confer jointly with the objecting third parties in an effort to resolve such parties' concerns. As part of that process, the parties have agreed to request certain modifications to the Stipulated Protective Order in order to address specific concerns raised by objecting third parties about the use and disclosure of confidential material in this litigation. Several third parties nonetheless continue to object to production. While counsel for Viacom and Cablevision continue to engage in discussions with these third parties, the parties do not anticipate that they will be able to resolve the concerns of every third party that has raised objections.

The parties therefore intend to file cross-motions to compel the production of documents subject to non-disclosure provisions. Viacom's motion will seek an order requiring Cablevision to produce unredacted copies of agreements between Cablevision and programmers from January 1, 2008 to the present, as well as documents related to those agreements or to the negotiation of those agreements, that may otherwise be protected from disclosure by non-disclosure provisions. Cablevision's motion will require that Viacom produce unredacted copies of agreements between Viacom and certain agreed-upon Multi-Channel Video Distributors (such as Comcast, Verizon, and DirectTV) and Online Video Distributors (such as Netflix and Hulu) from January 1, 2008 to the present, as well as documents related to the negotiation of those agreements and exchanged

- 3 -

pursuant to those agreements, that may otherwise be protected from disclosure by non-disclosure provisions. Neither party intends to oppose the relief sought by the other party's motion. The parties will, however, notify the objecting third parties about the anticipated motion practice, and expect that some third parties may seek to intervene for the purpose of opposing the motions to compel. The parties therefore jointly request a briefing schedule for the cross-motions to compel as follows:

- The parties' respective motions to compel and supporting papers would be submitted on July 1, 2015.

- Any non-party motions to intervene and accompanying proposed opposition to a motion to compel would be submitted no later than July 16, 2015.

- The parties' responses to any oppositions to their respective motions to compel would be submitted on July 28, 2015.

### 2.    Proposed Modification of Stipulated Protective Order

As part of the conferral process with the objecting third parties, several third parties asserted that the Stipulated Protective Order (Dkt. No. 61) did not adequately protect their confidential information. In particular, certain third parties expressed concern that Cablevision and Viacom's outside counsel with access to their confidential information could have a role in the negotiation of future affiliation agreements, and that the highly sensitive terms of affiliation agreements could later be disclosed in summary judgment filings or at trial. To address those concerns, the parties hereby jointly propose modifications to the protective order that revise the definition of Outside Counsel and require the parties to notify third parties about the possible unsealing of documents filed in Court that contain their highly confidential information. The parties' proposed Amended Stipulated Protective Order, along with a redline version against the operative order, are attached to this letter for the Court's review and, if appropriate, signature.

### 3.    Stipulation and Proposed Order Regarding the Discovery of Expert Materials and Communications

The parties have jointly prepared and executed the enclosed stipulation and proposed order, which outlines the parties' agreed-upon protocol for expert discovery, including the discoverability of expert materials and communications. We respectfully request that the Court approve the stipulation and proposed order, although we remain available to discuss any questions or concerns the Court has.

- 4 -

#### 4. Requested Extension on Deadline for Substantial Completion of Document Productions

Finally, the parties intend to request an extension of the deadline for substantial completion of document productions of just under 100 days from July 31, 2015 to November 6, 2015. Dkt. No. 57. A proposed stipulation will be submitted to Judge Swain in the near future. This extension will give the parties and the Court time to resolve the current discovery dispute involving third-party information. The parties do not presently request an extension of the February 19, 2016 deadline for fact discovery, but will promptly file a request with Judge Swain if we believe one is necessary.

\*       \*       \*

In light of the foregoing, and subject to the Court's preference and convenience, the parties are available to attend a pre-motion conference, but are also amenable to the issuance of a briefing schedule for the anticipated cross-motions to compel, if the Court prefers.

Respectfully submitted,

/s/ Mark S. Popofsky
Mark S. Popofsky

cc:   Counsel of Record (by ECF)

Given the comprehensive description of the anticipated cross-motions — and the circumstances giving rise to them — the Court sees no need for a pre-motion conference and instead approves the proposed briefing schedule set forth on page 3 of this letter.

SO ORDERED.

James L. Cott
USMJ     6/18/15