| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| CABLEVISION SYSTEMS CORPORATION and CSC HOLDINGS, LLC,<br><br>                     Plaintiffs,<br><br>   - against -<br><br>VIACOM INTERNATIONAL INC. and BLACK ENTERTAINMENT TELEVISION LLC,<br><br>                     Defendants. | Case No. 13 Civ. 1278 (LTS) (JLC) |

**A&E TELEVISION NETWORKS, LLC'S, NBCUNIVERSAL MEDIA, LLC'S, AND STERLING ENTERTAINMENT ENTERPRISES, LLC T/A SPORTSNET NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF CONSENT MOTION TO INTERVENE**

Non-parties A&E Television Networks LLC ("AETN"), NBCUniversal Media, LLC ("NBCUniversal"), and Sterling Entertainment Enterprises, LLC t/a SportsNet New York ("SNY"), with consent, seek to intervene in this action pursuant to Federal Rule of Civil Procedure 24 for the sole purpose of opposing the Motion to Compel that Viacom International Inc. and Black Entertainment Television, LLC (together, "Viacom") filed on July 1, 2015. *See* Dkt. No. 96. The proposed Opposition of AETN, NBCUniversal and SNY is attached hereto as Exhibit A.

**CERTIFICATION OF PRE-MOTION CONFERENCE WITH PARTIES' COUNSEL**

Pursuant the Individual Practices of this Court governing pre-motion conferences and discovery motions, the undersigned counsel certify that they conferred in good faith by telephone with counsel for the parties. In a telephone conference on July 21, 2015, counsel for the Defendants represented that Viacom consents to the relief requested in this Motion to Intervene.

In a separate telephone conference the same day, counsel for the Plaintiffs represented that Cablevision Systems Corporation and CSC Holdings, LLC also consent to the relief requested in this Motion to Intervene.

## ARGUMENT

Federal Rule of Civil Procedure 24 provides for intervention either as a matter of right or alternatively at the discretion of the Court. AETN, NBCUniversal, and SNY satisfy the requirements for intervention under either of these alternative provisions.

A non-party may intervene as of right under Federal Rule of Civil Procedure 24(a)(2) on a showing that: (1) the application is timely; (2) it has an interest in the subject matter of the action; (3) the non-party's ability to protect its interest may be impaired or impeded by disposition of the action; and (4) the non-party's interest is not adequately protected by the existing parties. *In re Holocaust Victim Assets Litig.,* 225 F.3d 191, 197 (2d Cir. 2000); *Torah Soft Ltd. v. Drosnin,* No. 00 Civ. 0676, 2001 WL 1425381, at *2 (S.D.N.Y. Nov. 14, 2001). This analysis is "a flexible and discretionary one, and courts generally look at all four factors as a whole rather than focusing narrowly on any one of the criteria." *Cole Mech. Corp. v. Nat'l Grange Mut. Ins. Co.,* No. 06 Civ. 2875, 2007 WL 2593000, at *2 (S.D.N.Y. Sept. 7, 2007) (quoting *Tachiona ex rel. Tachiona v. Mugabe,* 186 F. Supp. 2d 383, 394 (S.D.N.Y. 2002)). The non-party's "well pleaded allegations must be accepted as true for purposes of considering a motion to intervene, with no determination made as to the merits of the issues in dispute." *Cole,* 2007 WL 2593000, at *2 (quoting *Herman v. New York Metro Area Postal Union,* No. 97 Civ. 6839, 1998 WL 214787, at *1 (S.D.N.Y. Apr. 30, 1998)).

Here, the Consent Motion to Intervene is timely. AETN, NBCUniversal and SNY's intervention is being filed pursuant to the Court-endorsed schedule regarding motions to compel

the disclosure of their highly confidential business information. *See* Dkt. No. 87 at 3; Dkt. No. 103.

Further, AETN, NBCUniversal and SNY have a significant interest in protecting their highly confidential business information – including contract provisions, rate information, and negotiation strategies – in which they have a "direct, substantial, and legally protectable" interest. *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) (internal quotation marks omitted). Viacom is seeking to compel Cablevision to disclose confidential and proprietary business information of AETN, NBCUniversal, and SNY, which Cablevision is legally obligated to maintain in confidence. The harm from disclosure of this proprietary and confidential information will be direct and substantial, and AETN, NBCUniversal and SNY have a protectable interest in the subject matter. (*See* Decl. of C. Feeley, filed contemporaneously herewith, at Exhibit B (Decl. of D. Zagin) ¶¶ 6-14 & Exhibit D (Decl. of K. Brockhage) ¶¶ 7-15.)

In addition, if AETN, NBCUniversal, and SNY were denied intervention, the disposition of Viacom's Motion to Compel "may as a practical matter impair or impede" their ability to protect their interests in ensuring the confidentiality of their highly confidential business information. Fed. R. Civ. P. 24(a)(2). *Md. Cas. Co. v. W.R. Grace & Co.*, No. 88 Civ. 4337 (JSM), 1996 WL 34154, at *2 (S.D.N.Y. Jan. 30, 1996) (granting intervention where the insurers seeking intervention "easily meet the minimal burden of showing that they are not adequately represented by other insurers in the case, which may have different policies or may take different positions on basic issues in the litigation.").

Finally, the parties in this lawsuit have reached an agreement not to contest each other's motion to compel, and Cablevision therefore will not ask the Court to protect AETN's,

NBCUniversal's and SNY's interests.  Instead, the parties have specifically requested that the Court provide the schedule for these non-parties to seek protection themselves.[1]

## CONCLUSION

For the foregoing reasons, AETN, NBCUniversal, and SNY request that the Court grant their Consent Motion to Intervene and order that the proposed Opposition, which has been filed as an attachment to the Consent Motion to Intervene, along with the Declaration of Cheryl A. Feeley, which is being filed contemporaneously herewith, be considered in resolving Viacom's Motion to Compel, Docket 96.

Dated: July 23, 2015                                          Respectfully Submitted,

By:   s/ Cheryl A. Feeley
      Cheryl A. Feeley (CF1441)
      Charles D. Tobin (*Pro hac vice* to be submitted)
      Holland & Knight LLP
      800 17th Street NW, Suite 1100
      Washington, DC 20006
      Tel: (202) 955-3000
      Fax: (202) 955-5564
      cheryl.feeley@hklaw.com
      charles.tobin@hklaw.com

      *Attorneys for A&E Television Networks, LLC, NBCUniversal Media, LLC, and Sterling Entertainment Enterprises, LLC t/a SportsNet New York*

---

[1] All of the reasons supporting intervention of right in this case also support permissive intervention under Rule 24(b)(1), which affords the Court discretion to grant a timely motion to intervene where the applicant's claim or defense shares with the main action (or, in this case, discovery matter) a common question of law or fact.  *See* Fed. R. Civ. P. 24(b)(1)(B).  Thus, the Court should allow AETN, NBCUniversal and SNY to intervene under Rule 24(b)(1) even if the Court denies intervention as of right under Rule 24(a).