UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CABLEVISION SYSTEMS CORPORATION and
CSC HOLDINGS, LLC,

Plaintiffs,

- against -

VIACOM INTERNATIONAL INC. and BLACK
ENTERTAINMENT TELEVISION LLC,

Defendants.

Case No. 13 Civ. 1278 (LTS) (JLC)

**DECLARATION OF CHERYL A. FEELEY**

I, Cheryl A. Feeley, declare as follows:

1.      I am an attorney with the law firm Holland & Knight, LLP, and I represent A&E Television Networks LLC ("AETN"), NBCUniversal Media, LLC ("NBCUniversal"), and Sterling Entertainment Enterprises, LLC t/a SportsNet New York ("SNY") in connection with the Motion to Compel Plaintiffs to Produce Documents filed by defendants Viacom International Inc. ("Viacom") and Black Entertainment Television LLC ("BET") (collectively, "Viacom"), on July 1, 2015. (Dkt. No. 96.)  I am admitted to practice in the U.S. District Court for the Southern District of New York.  I am familiar with the facts and circumstances set forth herein, based on personal knowledge or the review of the attached documents or files maintained by my firm.

2.      On June 9, 2015, I, along with Holland & Knight attorney Charles Tobin, participated in a teleconference on behalf of AETN with counsel representing Plaintiffs Cablevision Systems Corporation and CSC Holdings, LLC ("Cablevision") in this case.  During that teleconference, we sought additional detail on the documents to be produced by Cablevision and requested clarification of how such information was relevant to the litigation.  We were told that certain document requests from Viacom implicated the information and that Cablevision did

not contest the discoverability of such information. During this call, we expressed AETN's concern about the confidentiality of AETN's documents and information. At that time, counsel for Cablevision indicated that the parties intended to write a letter to the Court explaining the discovery issues, indicating that the parties would be filing unopposed cross motions to compel, and asking that the non-parties be given an opportunity to intervene and oppose such motions.

3.      The following day, Charles Tobin and I participated in a teleconference with counsel for Viacom and counsel for Cablevision. We again inquired as to the relevancy of the requested information. Counsel for Viacom explained that the agreements and confidential information were relevant to establishing "market conditions". Counsel for the parties explained that they had reached an agreement relating to the identities of the parties whose information would be produced but had not otherwise narrowed the requests. We asked whether it may be possible to further narrow the requests beyond the identities of the parties, and counsel for Viacom indicated that Viacom could not agree to any narrowing before seeing the documents. We also requested that Cablevision provide a listing of documents it intended to produce that implicated AETN's confidential information.

4.      Following these phone calls, Cablevision provided a listing of Cablevision-AETN agreements that it intended to produce upon Court order but has not provided any further listing of documents to be produced.

5.      Attached hereto are true and correct copies of the following declarations:

- Declaration of Darci Bailey, Vice President & Associate General Counsel at A&E Television Networks, LLC, dated July 23, 2015;

- Declaration of David Zagin, President of Distribution for A&E Television Networks, LLC, dated July 22, 2015;

2

- Declaration of Daniel Kummer, Senior Vice President, Litigation at NBCUniversal Media, LLC, dated July 23, 2015; and

- Declaration of Kerry Brockhage, Senior Vice President & Chief Counsel, Content Distribution, at NBCUniversal Media, LLC, dated July 23, 2015.

6.      Also attached hereto is a true and correct copy of a declaration by Denise Denson, which was filed in *CBS Corp. v. FCC*, No. 14-1242 (D.C. Cir. Nov. 13, 2014) (Doc. No. 1522082). I retrieved this document from PACER.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 7/23/2015

Cheryl A. Feeley

3