UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CABLEVISION SYSTEMS CORPORATION and CSC HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> - against - <br><br> VIACOM INTERNATIONAL INC. and BLACK ENTERTAINMENT TELEVISION LLC, <br><br> Defendants. | Case No. 13 Civ. 1278 (LTS) (JLC) |

### DECLARATION OF DANIEL M. KUMMER

I, Daniel M. Kummer, declare as follows:

1.    I provide this declaration in support of (i) A&E Television Networks, LLC's, NBCUniversal Media LLC's, and Sterling Entertainment Enterprises, LLC t/a SportsNet New York's Consent Motion to Intervene; and (ii) A&E Television Networks, LLC's, NBCUniversal Media LLC's, and Sterling Entertainment Enterprises, LLC t/a SportsNet New York's Opposition to Motion to Compel by Viacom International Inc. and Black Entertainment Television LLC, which are being filed contemporaneously herewith. I make this declaration on the basis of my personal knowledge, unless otherwise stated.

2.    I am a Senior Vice President, Litigation at NBCUniversal. I have been employed as a litigation attorney at NBCUniversal since 1997. In my current role, I have been involved in communications regarding the potential production by Cablevision of NBCUniversal's and SportsNet New York's ("SNY") confidential and proprietary information in this litigation.

3.    In late March and early April 2015, Cablevision notified NBCUniversal and SNY, respectively, that Cablevision had identified information in its possession that the entities may

consider confidential and/or proprietary and that Cablevision intended to disclose such information.

4.      After receiving those notifications, I contacted counsel for Cablevision and sought additional detail on the documents to be produced. I requested clarification of how such information was relevant to the litigation and reiterated that such information was extremely sensitive and competitive. In a follow-up letter dated April 17, 2015, I advised Cablevision that NBCUniversal/SNY "strongly objects to the production" of confidential documents and made clear that we expected Cablevision to identify the documents Cablevision identified as responsive to the document requests. In late May 2015, counsel for Cablevision advised me that Cablevision had not yet produced any documents containing NBCUniversal/SNY confidential information and advised that Viacom's counsel would be contacting me to discuss NBCUniversal/SNY's objections.

5.      On or about May 27, 2015, I spoke with counsel for Viacom and raised relevance questions and confidentiality concerns regarding Cablevision's production of documents. I received only general responses to the effect that Viacom needed to see these documents to prepare its defense. A colleague of mine and I had a follow-up conversation with counsel for Viacom and Cablevision on or about June 9, 2015, in which we reiterated NBC Universal/SNY's serious concerns about relevance and confidentiality. Again, the assertions of relevance and purported need for these documents were generalized from both parties.

6.      During both of these telephone calls, I also inquired whether the parties had attempted to narrow or streamline the scope of documents sought or considered alternative methods to provide Viacom with the information it believed it needed to defend the lawsuit. Counsel for Viacom and Cablevision confirmed that the parties' narrowing was limited to

2

identifying the entities whose confidential information may be produced by Cablevision. They also explained that they would be filing unopposed cross motions to compel and intended to submit a revised protective order with some additional protections for third parties.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: July 23, 2015

Daniel M. Kummer

*Senior Vice President, Litigation*
*NBCUniversal Media, LLC*